THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| LAZARO STERN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY MORTGAGE CORPORATION,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [66] PLAINTIFFS' AMENDED MOTION TO CONSOLIDATE RELATED ACTIONS AND DENYING [68] DEFENDANT'S MOTION TO DISMISS AS MOOT**<br><br>Case No. 2:24-cv-00015-DBB<br><br>District Judge David Barlow |

Before the court is Plaintiffs' Motion to Consolidate pursuant to Federal Rule of Civil Procedure 42.[1] Plaintiffs Lazaro Stern ("Mr. Stern"), Celeste Allen ("Ms. Allen"), Lisa Kucherry ("Ms. Kucherry"), Peter Smith, and Sharon Thompson, in their individual capacities and on behalf of all others similarly situated (the "Stern Plaintiffs"), move the court to consolidate plaintiff Charly Bates' putative class action (the "Bates Action")[2] (altogether "Plaintiffs") with this case. For the reasons stated below, the court grants Plaintiffs' motion.

## BACKGROUND

These cases arise from the same relevant background. Defendant Academy Mortgage Corporation ("Academy") is a Utah-based mortgage lender that was the target of an alleged data breach in March 2023.[3] Plaintiffs, former customers and employees of Academy, allege that their

---

[1] Motion to Consolidate ("Mot."), ECF No. 66, filed Mar. 24, 2025.
[2] *Bates v. Academy Mortgage Corporation*, Case No. 2:25-cv-00192-JCB.
[3] Amended Consolidated Class Action Complaint ("Stern Complaint") ¶ 3, ECF No. 65, filed Feb. 21, 2025; Complaint ("Bates Complaint") ¶ 3, Case No. 2:25-cv-00192-JCB, ECF No. 1, filed Mar. 12, 2025.

1

personally identifiable information was accessed by cybercriminal groups during the data breach.[4] They allege that their information has been stolen and published on the dark web due to Academy's failure to adequately safeguard their data.[5]

Mr. Stern filed his complaint on January 5, 2024.[6] Mr. Stern moved to consolidate his complaint with Ms. Allen and Ms. Kucherry's complaints on February 1, 2024,[7] which the court granted.[8] The Stern Plaintiffs then filed their amended complaint.[9] Academy responded by filing a motion to dismiss for failure to state a claim.[10] On January 17, 2025, the court granted Academy's motion to dismiss without prejudice.[11]

On February 12, 2025, the parties filed a Stipulated Motion to set the schedule for the Stern Plaintiffs to file an amended complaint.[12] It states that the parties "have conferred about the case and scheduling going forward and have reached an agreement on deadlines" for the Stern Plaintiffs to file an amended complaint.[13] The court granted the stipulated motion the next day.[14]

---

[4] Stern Complaint ¶ 4; Bates Complaint ¶ 4.
[5] Stern Complaint ¶ 8; Bates Complaint ¶ 8.
[6] Complaint, ECF No. 1, filed Jan. 5, 2024.
[7] Amended Motion to Consolidate Cases, ECF No. 17, filed Feb. 1, 2024.
[8] Memorandum Decision and Order Granting Plaintiffs' Amended Motion to Consolidate Related Actions, ECF No. 40, filed June 18, 2024.
[9] Consolidated Class Action Complaint, ECF No. 41, filed July 18, 2024.
[10] Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 49, filed Sep. 9, 2024.
[11] Memorandum Decision and Order Granting Defendant's Motion to Dismiss, ECF No. 62, filed Jan. 17, 2025.
[12] Stipulated Motion to Set Schedule for Filing Amended Complaint and Briefing Deadlines ("Stipulated Mot."), ECF No. 63, filed Feb. 12, 2025.
[13] Id. at 2.
[14] Order Granting Stipulated Motion to Set Schedule for Filing Amended Complaint and Briefing Deadlines, ECF No. 64, filed Feb. 13, 2025.

On March 24, 2025, the Stern Plaintiffs filed their motion to consolidate.[15] Academy filed its memorandum in opposition on April 7, 2025,[16] and Stern Plaintiffs replied on April 21, 2025.[17]

**STANDARD**

Under Rule 42(a) of the Federal Rules of Civil Procedure, the court may consolidate actions "involv[ing] a common question of law or fact[.]"[18] "The purpose of Rule 42(a) is 'to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties.'"[19] The court's decision whether to consolidate cases "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances[.]"[20]

To determine if the actions should be consolidated, the court must first decide if the actions involve a common question. If a common question of law or fact exists, "the court should [then] weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause."[21] The movant has the burden to show that consolidation is proper.[22] Local rules further state that a party may seek to consolidate cases

---

[15] Mot. 1.
[16] Defendant's Memorandum in Opposition to Plaintiffs' Motion to Consolidate ("Opp."), ECF No. 69, filed April 7, 2025.
[17] Reply in Support of Plaintiffs' Motion to Consolidate ("Reply"), ECF No. 70, filed April 21, 2025.
[18] Fed. R. Civ. P. 42(a).
[19] *Salinas v. Thunder Basin Coal Co. LLC,* No. 11-CV-199-J, 2012 WL 12914688, at *1 (D. Wyo. 2012) (quoting *Breaux v. Am. Fam. Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004)).
[20] *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).
[21] *Cheney v. Judd*, 429 F. Supp. 3d 931, 936 (D.N.M. 2019) (citation omitted); *see French v. Am. Airlines*, No. 2:08-cv-00638, 2009 WL 1578288, at *2 (D. Utah 2009) ("Consolidation may be inappropriate where 'the two actions are at such widely separate stages of preparation [that] consolidation of [the] cases would cause further delay and could prejudice the parties.'" (alterations in original) (citation omitted)).
[22] *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing 5 James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* ¶ 42.04[1], p. 42–6 (1994)).

if the party believes that the matters: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) . . . would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges."[23]

## DISCUSSION

Plaintiffs argue that their actions should be consolidated because they arise from the same event (the Data Breach), which harmed the same people (individuals with data exposed in the Breach), and which was caused by the same defendant (Academy).[24] They argue that consolidating the current case with the Bates action is appropriate because they raise similar questions of law and fact, only adding the additional California state law claims.[25] Plaintiffs also believe that consolidation would be judicially efficient, allowing the court to reach consistent verdicts and avoid overlapping litigation.[26]

The Stern and Bates complaints arise from a common set of alleged facts. Both groups of plaintiffs claim they were harmed by an alleged data breach that targeted Academy. Academy is the sole defendant in each of the related actions. Both complaints allege that Academy negligently failed to protect their personal information, which has caused them harm.[27] The actions involve a common question of fact and law; therefore, the court next considers whether consolidation is in the interest of judicial convenience.

---

[23] DUCivR 42-1(a).
[24] Mot. 5.
[25] *Id.*
[26] *Id.*
[27] Stern Complaint ¶ 217; Bates Complaint ¶ 166.

Plaintiffs argue that consolidation is proper because it will avoid inconsistent verdicts and eliminate overlapping litigation.[28] They argue that the Stern Plaintiffs recently filed an amended complaint, and Mr. Bates recently filed his first complaint, so the actions are in a similar procedural posture.[29] They also point out that consolidation will prevent Academy from having to defend itself in separate cases.[30]

There is a risk of delay if the cases are consolidated, as Academy has filed a motion to dismiss the Stern Plaintiffs' amended complaint.[31] However, this risk is negligible. The motion has not been fully briefed, and Academy may respond to the consolidated motion. Furthermore, any possible risk of delay or prejudice is outweighed by the increase in efficiency for the parties if the actions are consolidated.

Academy does not respond to any of Plaintiffs' arguments or offer an argument against consolidation based on the Rule 42 factors. Instead, it argues that Plaintiffs' motion is "procedurally impossible to grant" because the court previously dismissed the Stern Plaintiffs' complaint without prejudice.[32] Academy argues that the court does not preside over the Stern action and therefore cannot consolidate the case with the Bates action.[33]

Federal Rule of Civil Procedure 15 (a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[34] Academy gave its written consent to the Stern Plaintiffs filing

---

[28] Mot. 5.
[29] *Id.* at 5.
[30] *Id.* at 6.
[31] Motion to Dismiss Plaintiffs' Amended Consolidated Class Action Complaint, ECF No. 68, filed Mar. 28, 2025.
[32] Opp. 4.
[33] *Id.* at 2.
[34] Fed. R. Civ. P. 15(a)(2).

an amended complaint, agreeing "to set a deadline for Plaintiffs to file an amended complaint in this matter, and to deadlines for motions to dismiss briefing."[35] In a stipulated motion filed with this court, the parties stated that they had "conferred about the case and scheduling going forward and have reached an agreement on deadlines for Plaintiffs' [Complaint] and motion to dismiss briefing."[36] Academy's argument that it actually did not agree to Plaintiffs filing a new complaint is contradicted by its signed motion asking the court to allow a new complaint.

Academy's argument that the court did not grant Plaintiffs leave to file the amended complaint is also contradicted by the record.[37] The court's order states that Plaintiffs "shall file the First Amended [Complaint]" without mentioning any further requirements.[38] Their argument that the Stern Plaintiffs had to file an additional motion, after submitting the stipulated motion, does not establish that the court should deny the motion to consolidate.

Academy relies on the Supreme Court's decision in *Waetzig v. Halliburton Energy Services, Inc.*[39] for the proposition that the court "no longer presides" over this case.[40] In *Waetzig*, the court held that a court may consider motions filed under Federal Rule of Civil Procedure 60(b) after a case is finally terminated.[41] It does not state that the court cannot consider a parties' motion after a dismissal without prejudice. And "[a] dismissal without prejudice is 'usually not a final decision.'"[42] In this case, the court did not enter a judgment or

---

[35] Stipulated Motion to Set Schedule for Filing Amended Complaint and Briefing Deadlines, ECF No. 63, filed Feb. 12, 2025.
[36] *Id.* at 2.
[37] Opp. 2.
[38] Order Granting Stipulated Motion to Set Schedule for Filing Amended Complaint and Briefing Deadlines, ECF No. 64, filed Feb. 13, 2024.
[39] *Waetzig v. Halliburton Energy Servs., Inc.*, 145 S. Ct. 690, 697 (2025).
[40] Opp. 3.
[41] *Waetzig*, 145 S.Ct. at 697.
[42] *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274 (10th Cir. 2023) (quoting *Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001)).

6

direct the clerk to close the case. Academy's argument that the court does not preside over the case and has no "charge over it" is procedurally inaccurate. Academy offers no other argument against consolidation; accordingly, Plaintiffs' motion is granted.

## ORDER

Accordingly, the court HEREBY GRANTS Plaintiffs' Motion to Consolidate[43] and ORDERS the following:

1. Pursuant to Federal Rule of Civil Procedure 42, the court hereby consolidates the two related actions[44] into the lowest-numbered pending case, Case No. 2:24-cv-00015 (the "Consolidated Action").[45]

2. No further filings shall be made in *Bates v. Academy Mortg. Corp.*, No. 2:25-cv-00192. The clerk of court shall administratively close this case. All pleadings therein maintain their legal relevance until the filing of the Consolidated Class Action Complaint (the "Consolidated Complaint"), which must be filed within fourteen days of this order.

3. The pending motion to dismiss in *Stern v. Academy Mortgage Corporation* is DENIED AS MOOT.[46] Defendant is granted leave to file a motion to dismiss 30 days after the filing of the Consolidated Complaint.

4. All papers previously filed and served to date in the related actions are deemed part of the record in the Consolidated Action.

---

[43] ECF No. 66.
[44] *Stern v. Academy Mortg. Corp.*, No. 2:24-cv-00015 (D. Utah filed Jan. 5, 2024); *Bates v. Academy Mortg. Corp.*, 2:25-cv-00192-JCB (D. Utah filed Mar. 12, 2025).
[45] *See* DUCivR 42-1(b).
[46] ECF No. 68.

Signed May 12, 2025.

                              BY THE COURT

                              _____
                              David Barlow
                              United States District Judge